IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JEREMY W. THORPE, #510461, | ) ) ) | |
| Plaintiff, | ) ) | No. 3:23-CV-00993 |
| v. | ) ) ) | JUDGE CAMPBELL |
| TENNESSEE GENERAL ASSEMBLY, *et al.*, | ) ) ) | MAGISTRATE JUDGE FRENSLEY |
| Defendants. | ) ) | |

**MEMORANDUM OPINION**

Jeremy W. Thorpe, an inmate in the custody of the Turney Center Industrial Complex in Only, Tennessee, filed this pro se, in forma pauperis action under 42 U.S.C. § 1983 against the Tennessee General Assembly; Cameron Sexton in his official capacity as Speaker of the House; the Tennessee Bureau of Investigation ("TBI"); David Rausch in his official capacity as TBI Director; the Tennessee Department of Correction ("TDOC"); and Frank Strada in his official capacity as TDOC Commissioner. (Doc. No. 1).

**I. SCREENING OF THE COMPLAINT**

A. PLRA SCREENING STANDARD

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a

1

governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

B. <u>SECTION 1983 STANDARD</u>

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

C. <u>FACTS ALLEGED IN THE COMPLAINT</u>

According to the complaint, while in the custody of the Davidson County Sheriff's Office on March 6, 2011, Plaintiff was charged with the criminal offense of Sexual Battery by an Authority Figure. On September 26, 2012, Plaintiff was sentenced to three and a half years at a standard range

2

of thirty percent for the Class D, non-violent felony criminal offense of Attempted Sexual Battery by an Authority Figure.

On November 8, 2013, while in the custody of the DCSO, Plaintiff was instructed to complete a registration form for his Attempted Sexual Battery by an Authority Figure conviction. Doing so would place Plaintiff on the Tennessee Sex Offender Registry[1] ("the registry") which is maintained by the TBI.

At some point in April 2014, Plaintiff wrote a letter to the TBI, requesting the removal of Plaintiff's information from the registry. The TBI denied Plaintiff's request by letter dated April 14, 2014. On December 16, 2021, Plaintiff wrote a second letter, asking that the TBI reconsider the denial of his request for termination of his registration requirements, and again TBI denied the request, stating that "[u]nless [Plaintiff's] conviction is overturned or [he] receive[s] exoneration—as defined under Tennessee law, for [his] sexual conviction, there is no basis for terminating [him] from the registry, and we will not respond to any further requests for termination." (Doc. No. 1 at 1-23).

Plaintiff is now in TDOC custody. He filed a petition for a declaratory order concerning his obligation to register as a sex offender. (*Id*. at 1-24). The Turney Center Industrial Complex, via a letter from senior counsel Bryce Coatney, denied Plaintiff's petition. Plaintiff currently remains on the registry for the criminal offense of Attempted Sexual Battery by an Authority Figure.

---

[1] The Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification, and Tracking Act ("TSORA"), Tenn. Code Ann. §§ 40-39-201 to -218, requires an individual convicted of a qualifying offense ("Registrant") to register for inclusion in a database maintained by the TBI. *Doe #11 v. Lee*, 609 F. Supp.3d 578, 584 (M.D. Tenn. 2022). Under the TSORA, a Registrant is subject to a number of requirements, including a prohibition from residing or working within 1,000 feet of many common facilities where children are likely to be present. Tenn. Code Ann. § 40-39-211(a). The Registrant must also report in person to a designated law enforcement agency at prescribed intervals, *id*. § 40-39-204(b), (c), including within forty-eight hours of certain triggering events, such as a change of residence or employment, *id*. § 40-39-203(a). The Registrant's status as a sexual offender, along with a laundry list of information about the individual, is made publicly available. *Id*. § 40-39-206(d). A violation of TSORA's requirements is a Class E felony. *Id*. §§ 40-39-208(b), 40-39-211(f).

D. <u>PLRA SCREENING ANALYSIS</u>

The Court first considers the named Defendants to this action: the Tennessee General Assembly; Cameron Sexton in his official capacity as Speaker of the House; TBI; David Rausch in his official capacity as TBI Director; TDOC; and Frank Strada in his official capacity as TDOC Commissioner. (*See* Doc. No. 1 at 2). Sexton, Rausch, and Strada are sued in their official capacities only. The complaint seeks prospective injunctive relief only against Defendants under 42 U.S.C. § 1983.

Tennessee's Eleventh Amendment sovereign immunity does not provide a shield from official-capacity claims for prospective injunctive relief, *see Ernst v. Rising*, 427 F.3d 351, 358-59 (citing *Ex Parte Young*, 209 U.S. 123, 155-56 (1908)), and the TBI Director is an appropriate defendant to TSORA-based claims for prospective injunctive relief. *See Doe v. Haslam*, Nos. 3:16-cv-02862, 3:17-cv-264, 2017 WL 5187117, at *9-10 (M.D. Tenn. Nov. 9, 2017). Because the complaint names TBI Director Rausch as a Defendant, the other Defendants are superfluous. Consequently, all named Defendants excluding Rausch in his official capacity will be dismissed.

Plaintiff brings a number of constitutional challenges to the registry.[2] First, Plaintiff brings an as-applied challenge[3] to the constitutionality of Tennessee Code Annotated § 40-39-203(b)(3) "as it is applied by the [TBI] and the [TDOC] [as it] places an excessive and irrational requirement of

---

[2] For purposes of the required PLRA screening, the Court need not address every challenge raised by Plaintiff if the Court finds at least one colorable claim that is appropriate for further development. *See* 28 U.S.C. §§ 1915(e)(2) and 1915A.

[3] Constitutional challenges to statutes are often categorized as either "facial" or "as-applied." A "facial" challenge to a law's constitutionality has been described as "an effort to invalidate the law in each of its applications, to take the law off the books completely." *Green Party of Tenn. v. Hargett*, 791 F.3d 684, 691 (6th Cir. 2015) (quoting *Speet v. Schuette*, 726 F.3d 867, 871 (6th Cir. 2013)). To prevail on a "facial" challenge, a plaintiff must establish that "no set of circumstances exist under which the statute would be valid." *Id*. (brackets omitted) (quoting *Speet*, 726 F.3d at 872). An "as-applied" challenge, by contrast, "argues that a law is unconstitutional as enforced against the plaintiffs before the court." *Id*. (quoting *Speet*, 726 F.3d at 872); *see also Ayotte v. Planned Parenthood of N. New England*, 546 U.S. 320, 329 (2006) ("It is axiomatic that a 'statute may be invalid as applied to one state of facts and yet valid as applied to another.'") (quoting *Dahnke-Walker Milling Co. v. Bondurant*, 257 U.S. 282, 289 (1921)). "The major significance of the facial/as-applied distinction is that a facial challenge, if successful, will generally result in a much broader remedy and, consequently, requires a greater showing." *Doe #11*, 609 F. Supp.3d 578, 593 (citing *Bucklew v. Precythe*, ––– U.S. —, 139 S. Ct. 1112, 1127 (2019)).

registration upon Plaintiff's initial period of incarceration depriving Plaintiff of his Eighth Amendment rights." (Doc. No. 1 at 8). According to Plaintiff, the conditions set forth in Tennessee Code Annotated § 40-39-203(b)(1) are the only conditions applicable to him, and "the application of the conditions contained within Tennessee Code Annotated § 40-39-203(b)(3) would create an extra and unnecessary burden of registration that could not be construed as 'remedial' in nature because . . . there would be no substantial change in the status or threat to public safety until Plaintiff's imminent release into society." (*Id*. at 12). Plaintiff concludes that "a registration obligation that exists upon initially being incarcerated is excessive in nature, has no rational basis as applied, and also circumvents the due process established by Tennessee Code Annotated § 40-39-203(b)(1), thus depriving Plaintiff of his Eighth and Fourteenth Amendment rights." (*Id*.)

Next, Plaintiff challenges the constitutionality of Tennessee Code Annotated § 40-39-202 (31)(J)-(P). (Doc. No. 1 at 13). He points to the "disparity in severity of offense as it is classified by the Tennessee Sexual Offender Registration and Notification Act of 2004 versus the classification given by the Tennessee Criminal Sentencing and Reform Act of 1989." (*Id*.) He also takes issue with the "unreasonably arbitrary and capricious classification of Attempted Sexual Battery for an Authority Figure as a 'sexually violent offense,' as defined by the Tennessee Sexual Offender Registration and Notification Act of 2004." (*Id*. at 13).

The complaint also challenges the constitutionality "of placing a lifetime registration requirement upon Plaintiff for the conviction of the criminal offense, Attempted Sexual Battery by an Authority Figure[,] when an Order of Expungement has relieved him of this requirement by remedy of law." (*Id*. at 15).

At least one of Plaintiff's claims falls under the Eighth Amendment to the United States Constitution, which provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. "[T]o violate the cruel and

5

unusual punishment prohibition, a sanction must be punishment." *Willman v. Att'y Gen. of U.S.*, 972 F.3d 819, 825 (6th Cir. 2020) (citing *Cutshall v. Sundquist*, 193 F.3d 466, 477 (6th Cir. 1999) (discussing the plausibility of an Eighth Amendment challenge to the federal sex offender registry law)). Based on the Sixth Circuit's requirement of punitive sanctions, district courts have dismissed Eighth Amendment challenges to TSORA based on Sixth Circuit precedent holding that "SORA[4] is a civil, regulatory statute that does not impose criminal punishment." *Brown v. Lee*, No. 3:20-cv-00916, 2020 WL 7864252 (M.D. Tenn. Dec. 30, 2020) (citing *Doe v. Bredesen*, 507 F.3d 998, 1004 (6th Cir. 2007); *Cutshall*, 193 F.3d at 477)); *see also Burns v. Helper*, No. 3:18-CV-01231, 2019 WL 5987707, at *7 (M.D. Tenn. Oct. 24, 2019), *report and recommendation adopted*, No. 3:18-CV-01231, 2019 WL 5964546 (M.D. Tenn. Nov. 13, 2019) (same).

However, as a sister court recognized, "[r]ecent opinions have found . . . that SORA may be characterized as punitive." *Doe v. Lee,* No. 2:21-cv-02156-SHL-atc, 2023 WL 2001051, at *7 (W.D. Tenn. Jan. 25, 2023) *report and recommendation adopted* 2023 WL 1997128 (W.D. Tenn. Feb. 14, 2023) (denying defendants' motion to dismiss plaintiff's Eighth Amendment SORA claim because "[g]iven the posture of the case and the state of the record, it would be premature to make a determination as to whether, as Defendants assert, the 270 days in jail Doe served for violating [TSORA] and the additional time he spent in federal prison because his conviction violated his federal supervised release "do 'not present the same kind of extreme disparity between the sentence imposed and the crime committed that would offend the Eighth Amendment.'") (citing *Doe v. Lee,* 518 F. Supp. 3d 1157, 1204 (M.D. Tenn. 2021); *Reid v. Lee*, 476 F. Supp. 3d 684, 705 (M.D. Tenn. 2020); *Doe v. Gwyn*, No. 3:17-cv-504, 2018 WL 1957788, at *8 (E.D. Tenn. Apr. 25, 2018); *Does #1-2 v. Haslam*, Nos. 3:16-cv-02862, 3:17-cv-00264, 2017 WL 5187117, at *20)).[5] Thus, because TSORA

---

[4] Some judges use the acronym SORA instead of TSORA. As used herein, both acronyms refer to the same act.

[5] As the Report and Recommendation explains in *Doe v. Lee* (and adopted by the district judge):

may be deemed punitive (notwithstanding *Bredesen*) and because, liberally construing the pro se complaint, Plaintiff has alleged that TSORA is punitive and his punishments are disproportionate to his crime in violation of the Eighth Amendment, the Court finds that the complaint states at least colorable Eighth Amendment claim under Section 1983.

## II. CONCLUSION

Having conducted the screening required by the PRLA, the Court finds that the complaint states at least one colorable claim against Defendant Rausch in his official capacity—an Eighth Amendment claim under Section 1983. This case shall proceed for further development against Rausch. All other named Defendants will be dismissed as superfluous.

An appropriate Order will be entered.

---

WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

---

Those cases rely on *Doe v. Snyder*, in which the Sixth Circuit, considering a Michigan statute similar to SORA, found that the law was punitive in nature because it "meets the general definition of punishment," its restrictions are "onerous," it "advances all the traditional aims of punishment" without having a clear impact on recidivism (the primary nonpunitive purpose of the law), and "[t]he punitive effects of [its] blanket restrictions . . . far exceed even a generous assessment of their salutary effects." 834 F.3d 696, 703-05 (6th Cir. 2016). The cases also recognize that the binding Sixth Circuit cases deeming SORA nonpunitive are based on prior versions of the Act and thus do not prohibit reconsideration under *Snyder*. *See Reid*, 476 F. Supp. 3d at 706 ("The Sixth Circuit, in *Snyder*, did not overrule its earlier cases, but it did make clear that *Doe v. Bredesen* should not be viewed as mandating a rubber stamp for more restrictive registration regimes."). Based on that conclusion, "this becomes an easy case, at least with regard to the motions to dismiss," as "[v]irtually every observation that the Sixth Circuit made about the Michigan regime could be made about the Act with, at most, minimal tweaking." *Id.*; *see also Lee*, 518 F. Supp. 3d at 1183-1204 (applying the factors considered in *Snyder* in a thorough evaluation of SORA and finding it punitive as applied to the plaintiffs in that case). As such, plaintiffs are "entitled to pursue discovery in an attempt to establish that Tennessee's system is just as faulty as Michigan's." *Reid*, 476 F. Supp. 3d at 706; *see also Haslam*, 2017 WL 5187117, at *20 ("At this stage in the proceedings, the Court simply cannot know the full extent of the Act's effects and therefore cannot reach a conclusion on whether those effects are punitive under the rubrics set forth in *Snyder*.").

2023 WL 2001051, at *6.