IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JEREMY THORPE,  )<br>      Plaintiff,  )<br>  )<br>v.  )<br>  )<br>DAVID RAUSCH, Director of the  )<br>Tennessee Bureau of Investigation,  )<br>in his official capacity,  )<br>      Defendant.  ) | Civil Action No. 3: 23-cv-00993<br>Chief Judge Campbell/Frensley |

## REPORT AND RECOMMENDATION

This pro se 42 U.S.C. § 1983 action is before the court on remaining defendant's David Rausch's motion to dismiss for failure to state a claim. Docket No. 23. Also before the court are Plaintiff's motions for partial summary judgment and for estoppel. Docket Nos. 21, 29. The motions are fully briefed and ready for disposition. After reviewing the record and the briefs, the undersigned recommends that Defendant's motion to dismiss be granted and Plaintiff's motions be denied as moot.

### I. BACKGROUND

Plaintiff Jeremy Thorpe, an inmate housed at Turney Center Industrial Complex ("Turney Center"), filed this pro se 42 U.S.C. § 1983 action challenging his registration under the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification and Tracking Act of 2004 ("inmate registration statute" or "Act"), Tenn. Code Ann. §§ 40-39-201 to-218.

Plaintiff alleges the following in his complaint. In 2012, Plaintiff was convicted, and judgment was entered against Plaintiff for one count of attempted sexual battery by an authority figure, Case No. 2012-B-1224, (Docket No, 1-1, p. 13)), a qualifying conviction for registration under the Act. Tenn Code Ann. § 40-39-202(31)(J), (P)). In 2013, while in custody for an unrelated

aggravated arson charge, Plaintiff registered on the sex offender registry ("SOR") pursuant to his conviction for attempted sexual battery by an authority figure. Docket No. 1, pp. 6-7 ¶ 17-18; Docket No. 1-1, pp. 2-4. In 2014, the Tennessee Bureau of Investigation ("TBI") denied Plaintiff's request for removal from the SOR. Docket No. 1-1, p. 19. In 2021, the TBI denied his request for reconsideration of the denial. Docket No. 1-1, p. 23. In denying reconsideration, the TBI stated that it would not respond to any further requests for termination unless Plaintiff's conviction was overturned, or Plaintiff received an exoneration. *Id.* Five months after the TBI denied reconsideration, Plaintiff secured an expungement order for the charge of "sexual battery by an authority figure" in a different criminal case, Case No. 2011-A-614. Docket No. 1-1, at p. 12. Plaintiff's qualifying conviction stems from Case No. 2012-B-1224, which was a superseding indictment to Case No. 2011-A-614. Docket No, 24-1, pp. 2-3.

Plaintiff specifically alleges that § 203(b)(3) of the inmate registration statute is unconstitutional as applied to him. Docket No. 1, p. 8, ¶ 25. He argues the requirement that he register on the SOR while incarcerated is excessive, has no rational basis, and circumvents due process in violation of his rights under the Eighth and Fourteenth Amendments. *Id.* at p. 12, ¶ 39. He contends that the alleged disparate treatment of his qualifying conviction under the Act and the Tennessee Criminal Sentencing Reform Act of 1989 ("the Sentencing Act") violates his rights to equal protection and due process, and under the Eighth Amendment. *Id.* at pp. 14-15, ¶¶ 45-51; 19-21, ¶¶ 67-77. He contends that the TBI's refusal to remove him from the SOR following an expungement order in a separate case violates due process. *Id.* pp. 15-18, ¶¶ 52-66. For relief, Plaintiff seeks removal from the SOR and a declaration that various sections of the Act are unconstitutional as applied to him. Docket No. 1, p. 22.

Remaining defendant David B. Rausch, TBI Director, moves to dismiss for failure to state

2

a claim. Plaintiff opposes the motion and "generally denies all claims stated by defense counsel." Docket No. 33, p. 1.

## II. LAW AND ANALYSIS

When ruling on a motion to dismiss under Rule 12(b)(6), the court construes the record in the light most favorable to the non-moving party and accepts all well-pleaded factual allegations as true. *See Terry v. Tyson Farms, Inc.*, 604 F. 3d 272, 274 (6th Cir. 2010). While a complaint will survive a motion to dismiss if it contains "either direct or inferential allegations respecting all material elements" necessary for recovery under a viable legal theory, this court "need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Id.* at 275-76 (citation and quotation marks omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions...." *Republic Bank & Trust Co. v. Bear Stearns & Co., Inc.*, 683 F.3d 239, 246-47 (6th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "Rather, '[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.' " *Id.* at 247 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)).

### A. The Inmate Registration Statute

Plaintiff first asserts that he should not be required to register until 48 hours before his release from incarceration for aggravated arson because Tenn. Code Ann. § 40-39-203(b)(1) governs his registration rather than the inmate registration statute, § 203(b)(3). Docket No. 1, pp. 8-12, ¶¶ 25-39.

The inmate registration statute governs Plaintiff's registration by its plain language. In

3

2011, the year before Plaintiff's qualifying conviction in 2012, the inmate registration statute was enacted to require all incarcerated individuals with a qualifying conviction to register on the SOR, regardless of their sentence expiration date. Tenn. Code Ann. § 40-39-203(b)(3); 2011 Tenn. Pub. Acts ch. 267. Subsection 203(b)(3) states, in relevant part:

> *Notwithstanding subdivisions (b)(1) and (b)(2)*, an offender who is incarcerated in this state in a local, state or federal jail or a private penal institution and who has not registered pursuant to § 40-39-212(a) or any other law shall . . . be required to report in person, register, complete and sign a TBI registration form.

Tenn. Code Ann. § 40-39-203(b)(3) (emphasis added).

A "notwithstanding" clause in a statute "shows which of two or more provisions prevails in the event of a conflict." *N.L.R.B. v. SW Gen., Inc.*, 580 U.S. 288, 302 (2017). Black's Law Dictionary defines "notwithstanding" to mean "despite," "in spite of." (8th ed. 2004). Therefore, subsection 203(b)(3) clearly requires registration of all qualifying inmates, such as Plaintiff, notwithstanding subsections (b)(1) and (2). Even assuming subsection 203(b)(1) governed Plaintiff's registration, it would have required him to register upon completion of the sentence for his qualifying conviction in May 2013, as occurred here. Docket No. 1, p. 6, ¶ 17, 25-28.

To the extent Plaintiff asserts that his registration requirement should be tolled during his current incarceration for aggravated arson, which immediately followed his incarceration for attempted sexual battery by an authority figure, this assertion fails. *See State v. Conaser*. 2013 WL 4505410 at *1. In *Conaser* the defendant was convicted of failing to register as a sex offender under the previous version of the statute. *Id.* He argued on direct appeal that the registration requirement should have been tolled because he was being reincarcerated and was in the custody of the sheriff's department, which tolled the registration requirement. *Id.* at *6. The Court of Criminal Appeals believed otherwise, stating that it would allow "sexual offenders who have refused to register to continue to avoid registration prior to being released from their

4

reincarceration. We do not believe this to be the case." *Id.* at *7. The Court explained: [S]ection-203 deals with the registration requirements for sexual offenders, describing how, where, and when one registers, while section-204 governs an offender's continued obligation to report and update and verify registration information, once registered. *Id.* The court found the statutes were in harmony when the reincarcerated sexual offender has previously registered as required by section 203(b)(1), and therefore the defendant's argument that he was not required to register pursuant to the tolling statute of section-204(e) failed. *Id.*

The same reasoning applies here. Even if subsection 203(b)(1) applied to Plaintiff, instead of subsection 203(b)(3), it would have required Plaintiff to register when he completed his sentence for attempted sexual battery by an authority figure. Only Plaintiff's *monitoring requirements* for the continued obligation to report under § 40-39-208(a)(7) are tolled during his subsequent reincarceration for aggravated arson. *Conaser*, 2013 WL 4505410 at *6. As Plaintiff was properly registered, his argument fails to state a claim.

Plaintiff also asserts that the inmate registration statute does not apply to him because he does not satisfy the requirements for registration under Tenn. Code Ann. § 40-39-212(a) because his physical location of confinement does not create an establishment of a primary or secondary residency nor is he a student in this state. Docket No. 1, pp. 10-11, ¶¶ 31-35. Section 212(a) provides:

> Upon the court's acceptance of a defendant's entry of a plea of guilty or a finding of guilt by a jury or judge after trial, and, notwithstanding the absence of a final sentencing and entry of a judgment of conviction, any defendant who is employed or practices a vocation, establishes a primary or secondary residence or becomes a student in this state and who enters a plea of guilty to a sexual offense as defined by § 40-39-202 or a violent sexual offense as defined by § 40-39-202, shall be required to register with a registering agency.

Tenn. Code Ann. § 40-39-212(a). However, as quoted above, subsection (b)(3) of the

5

inmate registration statute states that it applies to offenders who were not registered under § 40-39-212(a). See Tenn. Code Ann. § 40-39-203(b)(3). Plaintiff's assertion is without merit.

B. **The Eighth Amendment**

Plaintiff next argues that the requirement that he register on the sex offender registration while incarcerated violates his rights under the Eighth and Fourteenth Amendments. Docket No. 1, p. 12, ¶ 39. The court disagrees.

The inmate registration statute requires offenders who are incarcerated to inform the warden, or warden's designee, at the facility of their status, here Turney Center, and to register on the sex offender registry. Tenn. Code Ann. §§ 40-39-203(b)(3), 40-39-204(e). Incarcerated sex offenders' registration status, like that of all sex offenders, is published. Tenn. Code Ann. § 40-39-206(a). During incarceration, all other requirements of the Act, including the monitoring requirements and any geographic restrictions, have no application. See Tenn. Code Ann. § 40-39-204(e).

The only portion of the Act applicable to Plaintiff, the publication requirement, does not impose punishment. The Sixth Circuit very recently reaffirmed this, holding that the reporting, registration, and publication requirements of the Act pass constitutional muster. *Does 1-9 v. Lee*, Slip Op. No. 23-5248 at 11-12 (May 15, 2024). "Because these requirements "are not of a type . . . traditionally considered as a punishment," … a registry kept by the state and disclosed publicly is constitutionally sound." *Id.* at 12 (quoting *Doe v. Bredesen*, 507 F. 3d 998, 1005 (6th Cir. 2007). Thus, because the publication requirements of the SOR maintained by Defendant do not impose punishment, they do not violate the Eighth Amendment's prohibition on cruel and unusual punishment.

Finally, Plaintiff asserts that applying subsection 203(b)(3) to him instead of subsection
6

203(b)(1) violates the Eighth Amendment. He argues the legislature has unconstitutionally added an "excessive burden in disparity" to the Tennessee Criminal Sentencing and Reform Act of 1989 in violation of his Eighth Amendment rights. Docket No. 1, p. 2, ¶¶ 3-4. However, because there is no punishment imposed on Plaintiff by the SOR's publication requirement, it follows that this allegation is without merit. Plaintiff has failed to state a plausible claim for relief.

### C. Due Process

Plaintiff next argues the application of the inmate registration statute subsection 203(b)(3), to him rather than subsection 203(b)(1), violates his Fourteenth Amendments right to due process. Docket No. 1, p. 12, ¶ 39. He argues his expungement in a separate, unrelated case should result in his removal from the SOR. *Id.*, p. 18 ¶ 65. Finally, he argues the disparate treatment of his qualifying conviction under the Act and Sentencing Act violates his rights to due process and equal protection. *Id.*, pp. 19-21, ¶¶ 67-77; 12-15 ¶¶ 40-51.

Plaintiff fails to state a claim for a violation of procedural due process because he already received all process to which he is entitled. Procedural due process challenges to state sex-offender registry statutes that mandate the registration of all convicted sex offenders have been foreclosed by the Supreme Court in *Connecticut Department of Public Safety v. Doe*, 538 U.S. at 1 (2003) (Connecticut statute). There the Supreme Court held that procedural due process does not entitle an individual convicted of a sex offense to a hearing to determine whether he or she is sufficiently dangerous to be included in the state's convicted sex-offender registry where the statute requires the registration of all sex offenders because these offenders already received due process in the course of their qualifying criminal convictions. 538 U.S. at 7-8; *see also Doe v. Michigan Dep't of State Police*, 490 F.3d 491, 502 (6th Cir. 2007). This argument fails.

Plaintiff also claims Defendant violated his due process rights by failing to remove him

7

from the SOR after he received an expungement order in a separate case, No. 2011-A-614. Docket No. 1, pp. 15-18. However, Plaintiff is not registered pursuant to the separate case, rather, he is registered pursuant to his conviction for attempted sexual battery by an authority figure in Case No. 2012-B-1224, which superseded the case in which he secured an expungement order. Docket No. 1-1, p. 14. The expungement was not for his qualifying offense, therefore the expungement in his separate case is irrelevant. For these reasons, Plaintiff has failed to state a plausible claim for a violation of procedural due process.

Plaintiff also alleges the inmate registration statute violates his substantive due process rights. Substantive due process "specifically protects those fundamental rights and liberties which are, objectively, deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed." *Guertin v. State*, 912 F. 3d 907, 918 (6th Cir. 2019) (quotation omitted). Here, the only fundamental right Plaintiff asserts is the Eighth Amendment's prohibition against cruel and unusual punishment. As discussed earlier, though, his allegations do not implicate his Eighth Amendment rights. Accordingly, the inmate registration statute need only satisfy rational basis review. *Does v. Munoz*, 507 F. 3d 961, 966 (6th Cir. 2007) ("We conduct rational-basis review of statutes that do not implicate a plaintiff's fundamental rights."). Preventing sex offenders from contacting their victims is a legitimate governmental interest. *See e.g., Brown v. Phillips*, 801 F. 3d 849, 855 (7th Cir. 2015) (a ban on video game consoles capable of accessing the internet and allowing detainees to contact victims of their crimes advances the state's interest in protecting the public); *Bell v. Woods*, 382 Fed. Appx. 391, 392-93 (5th Cir. 2010) (restricting sexual offenders from using computers prevents sexual offenders from attempting to contact potential victims via the internet and therefore is rationally related to a legitimate penological interest). Because the inmate

registration statute here satisfies rational-basis review, i.e., it satisfies the state's legitimate interest in preventing sex offenders from contacting their victims, Plaintiff fails to state a plausible substantive due process claim.

Plaintiff next alleges that the inmate registration statute violates equal protection because it classifies his qualifying conviction offense as "violent" while the Tennessee Criminal Sentencing Reform Act of 1989 does not treat that same offense as "one of a predatory nature." Docket No. 1, at p. 13, ¶¶ 42, 44-45.

The Equal Protection Clause provides "that all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). To allege an equal protection violation, "unless the legislation classification under attack involves a suspect class, the classification need only be rationally related to a legitimate government interest. *Cutshall v. Sundquist*, 193 F. 3d 466, 482 (6th Cir. 1999). Legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest. *Cleburne*, 473 U.S. at 440.

Convicted sex offenders are not a suspect class, therefore the inmate registration statute is subject to scrutiny under the "rational basis" test. *Cutshall*, 193 F. 3d at 482. As stated earlier, the inmate registration statute satisfies rational basis review in light of the state's legitimate interest in preventing sex offenders from contacting their victims. Plaintiff alleges that the inmate registration statute cannot require lifetime registration on the SOR for attempted sexual battery by an authority figure because the Sentencing Act does not require "lifetime supervision" for that offense. Docket No. 1, pp. 19-20; ¶¶ 69, 73-76. However, the Sentencing Act imposes criminal sanctions, *see* Tenn. Code Ann. § 40-35-102(2), (3), while the publication requirement under the inmate registration statute is a civil collateral consequence. *Ward v. State*, 315 S. W. 3d 461, 470 (Tenn. 2010)

9

(agreeing with the majority of states that the registration requirements imposed by Tennessee's SOR act are nonpunitive and they are therefore a collateral consequence of conviction). Here, Plaintiff does not allege he is treated any differently from every other similarly situated incarcerated offender who has a qualifying conviction. *See Cleburne*, 473 U.S. at 439. Thus, the Court concludes Plaintiff has failed to state a plausible claim for an equal protection violation.

### D. Plaintiff's motions

In response to Defendant's motion, Plaintiff moved for "estoppel by judgment and dismissal of defendant's claim for lack of subject matter jurisdiction." Docket No. 29. Plaintiff's filing fails to seek any particular relief which this court can grant and merely reiterates the allegations in his complaint. The court recommends the motion be denied. Plaintiff also moves for partial summary judgment, reiterating the allegations in his complaint concerning his expunged offense. Docket No. 21. The court recommends the motion be denied. Finally, Plaintiff moves for notification of the status Defendant's motion to dismiss and for a hearing on the motion. Docket No. 39. In light of the undersigned's recommendation that Defendant's motion to dismiss be granted, the undersigned will deny Plaintiff's motion as moot.

### III. CONCLUSION

Based on the foregoing, the undersigned recommends that Defendant David Rausch's motion to dismiss the complaint for failure to state a claim (Docket No. 23) be **GRANTED** and the claims against Defendant be **DISMISSED WITH PREJUDICE.**

The undersigned further recommends Plaintiff's motions for estoppel and for partial summary judgment (Docket Nos. 21, 29) be **DENIED**.

The undersigned finally recommends Plaintiff's motion for the status of Defendant's motion to dismiss and for a hearing on the motion, Docket No. 39, be **DENIED AS MOOT**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**