IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JEREMY THORPE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:23-cv-00993 |
| v. ) | |
| ) | JUDGE CAMPBELL |
| DAVID RAUSCH, in his official ) | MAGISTRATE JUDGE FRENSLEY |
| capacity as Director of the Tennessee ) | |
| Bureau of Investigation, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Plaintiff Jeremy Thorpe, an inmate in the custody of the State of Tennessee, challenges his registration under the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification, and Tracking Act of 2004 ("SORA"), Tenn. Code Ann. §§ 40-39-201 to 218. Before the Court is a Report and Recommendation from the Magistrate Judge (Doc. No. 40) recommending the Court grant Defendant's motion to dismiss (Doc. No. 23), and deny Plaintiff's motions for partial summary judgment and for estoppel (Doc. Nos. 20, 29). Plaintiff filed timely objections to the Report and Recommendation. (Doc. No. 43).

### I. BACKGROUND[1]

In 2012, Plaintiff was convicted of one count of sexual battery by an authority figure in Case No. 2012-B-1224, which is a qualifying conviction under SORA. (Doc. No. 1-1). In 2013, while in custody for an unrelated aggravated arson charge, Plaintiff registered on the sex offender

---

[1] Unless otherwise stated, the facts in this section are as alleged in the Amended Complaint (Doc. No. 11).

registry ("SOR") pursuant to the 2012 conviction. In 2014, the Tennessee Bureau of Investigation ("TBI") denied Plaintiff's request for removal from the SOR. In 2021, Plaintiff requested reconsideration of the denial. TBI denied reconsideration and said it would not respond to further requests for termination unless the conviction was overturned or Plaintiff received an exoneration. Thorpe later secured an expungement order for the charge "sexual battery by an authority figure" in a different criminal case – Case No. 2011-A-614. (*See* Doc. No. 1-1 at PageID# 36). Plaintiff's qualifying conviction for attempted sexual battery by an authority figure stems from Case No. 2012-B-1224, which was a superseding indictment to Case No. 2011-A-614. (*See* Doc. No. 24-1).

Plaintiff sues Defendant Rauschin his official capacity as director of the TBI, asserting violations of the Eighth and Fourteenth Amendments. (Doc. No. 1). Plaintiff contends he is not required to register for the SOR while incarcerated, that any such requirement is unconstitutional as applied to him. Plaintiff moved for partial summary judgment seeking removal from the SOR and removal of all records relating to his conviction in Case No. 2012-B-1224 from the Tennessee Offender Management Information System ("TOMIS"). (Doc. No. 21). Plaintiff also filed a "Motion for Estoppel by Judgment and Dismissal of Defendant's Claim for Lack of Subject-Matter Jurisdiction." (Doc. No. 29). Defendant moved to dismiss Plaintiff's claims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted. (Doc. No. 23).

The Magistrate Judge recommended Defendant's motion to dismiss be granted and Plaintiff's motions be denied. (Doc. No. 40).

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1) and Local Rule 72.03(b)(3), a district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient.

*See Zimmerman v. Cason*, 354 F. Appx. 228, 230 (6th Cir. 2009). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Id*. (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). In conducting the review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

In deciding a motion to dismiss under Rule 12(b)(6), a court must take all the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

In considering a Rule 12(b)(6) motion, the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to the motion to dismiss provided they are referred to in the Complaint and are central to the claims. *Bassett v. National Collegiate Athletic Assn.*, 528 F.3d 426, 430 (6th Cir. 2008). Here, the Magistrate Judge and the Court have also considered public records from Plaintiff's underlying criminal conviction in Case No. 2012-B-1224, which were attached to Defendant's motion to dismiss. (*See* Doc. No. 24-1).

### III. ANALYSIS

Plaintiff raises eight numbered objections to the Magistrate Judge's Report and Recommendation. (*See* Doc. No. 43). The Court will consider each in turn.

### A. Objections 1, 2, and 3

Plaintiff's first, second, and third objections concern the Magistrate Judge's ruling regarding the applicability of Tenn. Code Ann. § 40-39-203(b). (Doc. No. 43 at 2). The statute governs registration of inmates on the SOR. It provides:

> (b)(1) An offender who is incarcerated in this state in a local, state or federal jail or a private penal institution shall, within forty-eight (48) hours prior to the offender's release, register or report in person, completing and signing a TBI registration form, under penalty of perjury, pursuant to § 39-16-702(b)(3), as follows:
>
> (A) If incarcerated in a state, federal or private penal facility, with the warden or the warden's designee; or
>
> (B) If incarcerated in a local jail, with the sheriff or the sheriff's designee.
>
> (2) After registering or reporting with the incarcerating facility as provided in subdivision (b)(1), an offender who is incarcerated in this state in a local, state or federal jail or a private penal institution shall, within forty-eight (48) hours after the offender's release from the incarcerating institution, report in person to the offender's registering agency, unless the place of incarceration is also the person's registering agency.
>
> (3) Notwithstanding subdivisions (b)(1) and (2), an offender who is incarcerated in this state in a local, state or federal jail or a private penal institution and who has not registered pursuant to § 40-39-212(a) or any other law shall, by August 1, 2011, be required to report in person, register, complete and sign a TBI registration form, under penalty of perjury, pursuant to § 39-16-702(b)(3), as follows:
>
> (A) If incarcerated in a state, federal or private penal facility, with the warden or the warden's designee; or
>
> (B) If incarcerated in a local jail, with the sheriff or the sheriff's designee.

Tenn. Code Ann. § 40-39-203(b).

Plaintiff contends Section 203(b)(3) is unconstitutional as applied to him, that he should not be required to register on the SOR until 48 hours before his release from incarceration because Section 203(b)(1) governs his registration. The Magistrate Judge found Plaintiff's argument foreclosed by the plain language of the Section 203(b)(3), which makes clear that Section 203(b)(3) applies "notwithstanding subdivisions (b)(1) and (b)(2)" and requires that Plaintiff register during his term of incarceration.

Plaintiff argues that the Magistrate Judge's finding that he was required to register during his term of incarceration under subsection (b)(3) is erroneous because Plaintiff would be required to register on the SOR twice while incarcerated – once at the beginning of the period of incarceration and again 48 hours before release. (*Id*.). He contends there is "no logical or legal rationale that would support and excessive registration requirement when it is not warranted." He also argues the finding that he would have been required to register upon the completion of his sentence for attempted sexual battery by an authority figure is erroneous because the "period of incarceration was not broken." He also objects to the Magistrate Judge "labeling" the statute as "the inmate registration statute" because there are other statutes that govern the registration of inmates.

These objections are without merit. First, the Magistrate Judge's reference to the statute as "the inmate registration statute" was for ease of reference to the statute at issue. This shorthand in no way means that the statute at issue is the only statute governing the registration of inmates and does not affect the analysis concerning Plaintiff's claims. With regard to the Magistrate Judge's interpretation of Tenn. Code Ann. § 40-39-203(b), the Court finds no error. The Magistrate Judge's ruling concerning the registration requirement is based on the plain language of the statute, which requires registration for any incarcerated offender who is required to register to do so

5

"notwithstanding" the registration requirements of Section (b)(1) (requiring registration with the warden or sheriff 48 hours prior to the offender's release) and subdivision (b)(2) (requiring registration with the offender's registering agency within 48 hours after the offender's release). The Magistrate Judge correctly concluded that Plaintiff was required to register for the SOR under Tenn. Code Ann. § 40-39-203(b)(3). Because Plaintiff was required to register under Section 203(b)(3), and, as discussed below, the registration requirement is not punitive, the Court need not determine whether he would also have also been required to register at the conclusion of his term on incarceration for attempted sexual battery. To the extent Plaintiff argues that the registration requirement should be tolled during his incarceration for aggravated arson, that argument is premised on the incorrect belief that Section 203(b)(1) applies rather than Section 203(b)(3).

**B.     Objections 4 and 5**

Plaintiff's next objection is to the Magistrate Judge's finding that Plaintiff's registration on the SOR is not a violation of his rights under the Eighth and Fourteenth Amendments. (Doc. No. 43 at 3). The Magistrate Judge recommended dismissal of these claims citing the recent Sixth Circuit decision holding that the reporting, registration, and publication requirements of SORA do not impose a punishment and therefore do not violate the Eighth Amendment's prohibition on cruel and unusual punishment. (*See* Doc. No. 40 (citing *Does #1-9 v. Lee*, 102 F.4th 330 (6th Cir. 2024)).

Plaintiff objects that the Magistrate Judge's recommendation on grounds that the "assessment regarding registration requirement applies only to individuals who are re-incarcerated for another offense in which they were required to register before re-incarceration." (Doc. No. 43 at 3). Plaintiff argues that the reasoning does not apply to him because he was never released from confinement. (*Id*.). Plaintiff further argues that his claim not that the registration requirement is

6

punitive, but that it "imposes an excessive and unlawful publication requirement where no such requirement exists." (*Id.* at 4).

This objection has no bearing on the non-punitive nature of the registration and publication requirement. Because the registration and publication requirements are not punitive in nature, Plaintiff's Eight Amendment claim fails.

**C.     Objections 6 and 7**

The Magistrate Judge also recommended Plaintiff's procedural and substantive due process claims based on the application of Section 203(b)(3) should be dismissed. Plaintiff's objection to this recommendation is based on his mistaken belief that the order of expungement in a different case relieves him of the registration obligations that arise out of his conviction in Case No. 2012-B-1224. This objection is without merit and is overruled.

**D.     Objection 8**

The Magistrate Judge recommended Plaintiff's motion for "estoppel by judgment and dismissal of defendant's claim for lack of subject matter jurisdiction" be denied because the motion fails to seek any relief which can be granted. (*See* Doc. No. 40 at 10). The Magistrate Judge also recommended the Court deny Plaintiff's motion for partial summary judgment, which is based on plaintiff's argument that the expungement of the offense in Case No. 2011-A-614 also applies to the Case No. 2012-B-1224. (*Id.*).

In his objection, Plaintiff argues that the Magistrate Judge should have considered the evidence submitted in support of the motion for summary judgment before dismissing the motion. (Doc. No. 43 at 5). Plaintiff adds that he has filed a case raising the same issue in the Chancery Court of Davidson County and that his claims regarding the "applicability of Plaintiff's Order of

7

Case 3:23-cv-00993    Document 47    Filed 11/21/24    Page 7 of 8 PageID #: 312

Expungement" should be determined by the state court. (*Id*. (citing Davidson County Chancery Court Case No. 24-1094-III)).

The Court finds no error in the Magistrate Judge's conclusion that Plaintiff's motion for partial summary judgment should be denied. For all of the reasons discussed in the Report and Recommendation and herein, Plaintiff's claims are subject to dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The motion for partial summary judgment cannot succeed for the same reasons.

## IV. CONCLUSION

For the reasons stated, Plaintiff's objections are **OVERRULED** and the Magistrate Judge's Report and Recommendation is **ADOPTED** and **APPROVED**. Accordingly, Defendant's Motion to Dismiss (Doc. No. 23) is **GRANTED** and the claims against Defendant are **DISMISSED WITHOUT PREJUDICE**. Plaintiff's motions for estoppel and for partial summary judgment (Doc. Nos. 21, 29) are **DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE